**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

ALBERT E. MUCHILLE,       )
                                           )
        Plaintiff,           )
                                           )
    v.                          )   C.A. No. 2023-0869-LM
                                           )
CHASE A. BECHTOL,         )
                                           )
        Defendant.       )

## ORDER

WHEREAS:

A.     Plaintiff, Albert E. Muchille, *Pro Se*, filed this Complaint in the Court of Chancery on August 24, 2023, seeking relief for his alleged "dispute of driveway" in which "Mr. Bechtol [says] it is a share[d] driveway and it is not (proof of documents)."[1]

B.     Plaintiff's claims are for "trespassing and damages to the driveway in the amount of $300,000," which he claims has occurred since 2014.[2] Given the leeway established by this Court, I interpret this claim as one for a permanent injunction against the Defendant.[3]

---

[1] D. I. 1.

[2] D. I. 1.

[3] Delaware's collegial approach toward litigation imposes a "certain leeway" in which Delaware judges bear the burden of balancing the interest of the pro se litigant against the material cost a party's pro se status may have toward the opposing party. *See Govette v.*

C.     Essentially, Plaintiff claims that Defendant, Chase A. Bechtol, has a "bad deed," because although both deeds expressly grant an easement over the 50-feet-wide driveway, a new right-of-way over Defendant's property is in use (as claimed by Defendant) and extinguishes the recorded easement.[4]

D.     In Defendant's September 20, 2023, Answer, Defendant claims that Plaintiff's property is subject to a recorded right-of-way.[5]

E.     Defendant further submits that his adjacent property, as shown in his deed in Exhibit B, is subject to a right-of-way and that Defendant's property is the dominant estate as to the right-of-way described in both deeds.[6]

F.     Defendant submitted Counterclaims with his Answer on September 20, 2023. He requests quiet title to the driveway, a permanent injunction to stop Plaintiff from blocking his right of way, and statutory fee shifting pursuant to 10 *Del. C.* § 348 and bad faith.  Defendant also raised six affirmative defenses of 12(b)(6); that Plaintiff is not entitled to damages; the doctrine of unclean hands; the doctrine of

---

*Elec. Referral Manager, Inc.,* 2021 WL 2311956, at *2 (Del. Ch. June 7, 2021) (citations and internal quotation marks omitted).

[4] D. I. 1. (No. 4. Exhibit D).

[5] D. I. 5; *see* Exhibit A (Plaintiff's deed).

[6] D. I. 5.

laches; that Plaintiff's claims are barred by the statute of limitations; and a reservation to assert additional affirmative defenses.[7]

G.     Approximately two months later, on November 1, 2023, Defendant filed a Motion for Default Judgment pursuant to Court of Chancery Rule 55 due to the Plaintiff's failure to respond to the counterclaim.[8]

H.     Defendant requested that the Court deem the allegations set forth in the Counterclaim as admitted for Plaintiff's failure to respond to the pleading.[9]

I.     A few weeks later, on November 13, 2023, Plaintiff filed his Answer to Defendant's Counterclaim.[10]

J.     In Plaintiff's Answer, he claims that the previous owner of Defendant's property built an additional driveway on Defendant's land, ending the need for the right-of-way, so Defendant's overall use is invalid and unnecessary.[11]

K.     Then, in response to Defendant's Motion for Default Judgment, Plaintiff admits that notice of the motion for default judgment was proper and that

---

[7] D. I. 5.

[8] D. I. 7.

[9] D. I. 7.

[10] D. I. 8.

[11] D. I. 8.

the motion was warranted, but he nonetheless requested that the Motion for Default Judgment be denied.[12]

L.     Three weeks later, on December 1, 2023, Defendant filed a Motion for Summary Judgment.[13]

M.     On March 1, 2024, Plaintiff requested an extension to file his respond, which I granted on March 5, 2024.[14]

N.     On March 28, 2024, Plaintiff filed a letter questioning why Defendant is subject to the driveway when Defendant has his own, and he believes that the Defendant fraudulently copied Plaintiff's deed to create the illusion of a shared driveway.[15]

O.     Then, on March 29, 2024, Counsel for Defendant filed a letter requesting that this Court waive his reply brief.[16]

P.     I waived the reply pending this ruling on the Summary Judgment Motion.[17]

---

[12] D. I. 11.

[13] D.I. 14.

[14] D. I. 22.

[15] D. I. 23.

[16] D. I. 24.

[17] D. I. 25.

Q.     For the purposes of summary judgment, a party against whom a claim is asserted may move for a summary judgment showing there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[18] "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances[;]"[19]

**NOW THEREFORE**, **IT IS HEREBY ORDERED**, this 30th day of July 2024, as follows:

1.     The defendant's Motion for Summary Judgment is hereby **DENIED** as I find the evidentiary record in this case to be insufficiently developed and there remain material disputes of fact.  The parties should continue this litigation in development of the record and may submit subsequent motions, should they seem necessary, or proceed to scheduling a trial on the merits.

2.     The parties shall meet and confer on a schedule to complete discovery and for final resolution. A joint status report on the parties' efforts shall be submitted within thirty (30) days.

---

[18] Del. Ch. Ct. R. 56.

[19] *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995) (citations omitted); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.") (citations omitted).

3.      This is a final report pursuant to Court of Chancery Rules 143 and 144.

Exceptions may be taken within eleven days of the date hereof.

**IT IS SO ORDERED**

*/s/ Loren Mitchell*
Loren Mitchell
Magistrate in Chancery
